■ HELEN S. COHEN, Respondent, v. CHARLES J. CRONIN, as Executor of ARTHUR COHEN, Deceased, Appellant.— Appeal by defendant from a decision of the Supreme Court, Suffolk County, dated December 6, 1973, *inter alia* granting plaintiff summary judgment. We have treated the appeal as from the order and the judgment of said court, entered January 18, 1974 and January 25, 1974 upon the decision, and have treated the notice of appeal as valid (CPLR 5520, subd. [c]). Judgment reversed and order modified by (1) striking therefrom all the decretal provisions except the one which denies defendant's motion for summary judgment and (2) adding a provision thereto denying plaintiff's request for summary judgment. As so modified, order affirmed, without costs. The separation agreement herein presents an ambiguity, which should be resolved upon the trial, as to whether the benefits derived by the plaintiff wife were of such nature as to negate any intention on the part of the deceased husband to provide support after his death. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ ARLINGTON CUTTING, Appellant, v. WILLOWBROOK ESTATES, INC., Respondent-Appellant, and CARMINE OLIVERI CORP. et al., Respondents.— In a negligence action to recover damages for personal injuries, (1) plaintiff appeals from so much of a judgment of the Supreme Court, Richmond County, entered July 27, 1973, as is against him and in favor of defendants, upon the trial court's dismissal of the complaint at the end of the entire case upon a jury trial, and (2) defendant Willowbrook Estates, Inc., cross-appeals from so much of the judgment as adjudged that its cross complaint against the other two defendants is discontinued. Judgment reversed, on the law, and new trial granted upon plaintiff's complaint against all defendants, and upon all cross complaints, with costs to abide the event. No questions of fact were presented on the appeals. Under the circumstances of this case, contributory negligence was a question of fact and not a question of law. Cohalan, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ ERIC FIALLO et al., Respondents, v. MORRIS OIL SERVICE, INC., Appellant.— Order of the Supreme Court, Queens County, dated June 5, 1974, affirmed, without costs and with leave to defendant to move to withdraw the counterclaim contained in its amended answer at Special Term, if so advised. No opinion. The examination shall proceed at the place directed in the order under review at a time to be specified in a written notice of not less than 10 days, to be given by plaintiffs, or at such other time and place as may be agreed by the parties. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Christ, JJ., concur.

■ THOMAS GILHOOLY et al., Appellants, v. RICHARD PICIOCCHI, Respondent.— In an action to recover damages for personal injuries, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered April 6, 1972, in favor of defendant, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. Appellants did not present any questions of fact upon the appeal. Plaintiff's were occupants of a vehicle which stalled in the center lane of a three-lane parkway early on a rainy morning. Their vehicle was struck in the rear by defendant's automobile, resulting in the injuries which form the basis for this lawsuit. The questions of negligence and contributory negligence were close, but the trial court, in its charge to the jury, overemphasized the facts against plaintiffs and failed to review the conflicting evidence as to the location of the impact and the physical condition of the roadway. Gulotta, P. J., Martuscello and Shapiro, JJ.; concur; Hopkins and Latham, JJ., dissent and vote to affirm.