■ JOHN E. HILEMAN, Individually, and as Parent and Natural Guardian of JASON E. HILEMAN, an Infant, et al., Appellants, v SCHMITT'S GARAGE, INC., et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff sought to recover for property damage resulting from a one-car accident in which his 30-foot, 5,000-pound trailer was demolished. His sons sought recovery of damages for poison ivy contracted when they scrambled down an embankment to recover personal property strewn by the roadway when the trailer overturned. The jury returned a verdict of no cause of action which plaintiff now seeks to set aside. Plaintiff was driving his Chrysler station wagon with his wife and four infant sons as passengers and pulling an Air Stream trailer. After passing a tractor-trailer and while returning to the driving lane, the station wagon and trailer went out of control and collided with the guardrail. After the accident the right rear wheel of the station wagon was found at the side of the road. The issue presented to the jury was whether the right rear wheel of the station wagon came off as a result of a latent defect in the wheel or as a result of impact with the guardrail caused by improper operation of the vehicle by the plaintiff. Plaintiff's expert testified that his specialty was physical metallurgy, particularly in the area of failure analysis, i.e., surface phenomena such as fusion, processing and treatment of steels. The court sustained objections by the defense to questions calling for opinions as to whether the guardrail pulled the wheel off and as to what caused the wheel to fall off, urging plaintiff's counsel to connect his questions to the area of expertise of his witness. Plaintiff's counsel, however, did not pursue a line of questioning which might have connected the disengagement of the wheel to a defect or flaw in the metal rim. His attempts, instead, to qualify the metallurgist as an expert in dynamics and forces apparently did not satisfy the court. "The question of the qualifications of a witness to testify as an expert is for determination, in his reasonable discretion, by the trial court, which discre-

tion, when exercised, is not open to review unless * * * the trial court has made a serious mistake or committed an error of law or has abused his discretion." *(Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 398-399; Richardson, Evidence [Prince, 9th ed], § 388.) No such error or abuse of discretion appears on this record. The witness was qualified in the field of metallurgy, not dynamics, and the opinions asked of him were required to be within that field. Plaintiff urges that it was reversible error for the trial court to fail to charge negligence and strict liability. The court dismissed the cause of action based on negligence at the close of proof and properly so, inasmuch as a review of the record indicates that there was absolutely no proof of negligence by either defendant. On the matter of strict liability, however, the court did, in effect, make that charge even though he did not label it as such. *Codling v Paglia* (32 NY2d 330), establishes the three essential elements necessary to hold a manufacturer of a defective product liable for damages. Whereas the trial court did not attach the label of strict liability to his charge, he did set forth the three elements established therein. Failure to flag it properly is relatively unimportant so long as the jury had its substance. The police officer who investigated the accident was called as a witness by the defense. He testified as to his observations at the scene, his conversation with the plaintiff, and identified the point of impact from one of the photographs in evidence. Plaintiff contends that the witness was allowed to give improper opinions and draw conclusions without being qualified as an expert. A review of his testimony indicates that he did not advance any opinion requiring any particular expertise. He was qualified as a police officer to investigate the accident and testified largely as to his observations at the scene. Plaintiff's argument that a juror whom he sought to have excluded "could very well and probably did influence the other jurors in this case" is speculative and without merit. (Appeal from judgment of Erie Supreme Court—dismiss complaint; negligence, warranty.) Present—Simons, J. P., Dillon, Hancock, Denman, and Goldman, JJ.