■ In the Matter of the Estate of JANE C. ROBY, Deceased. KATHRYN VAUGHAN, Appellant; STANLEY P. ROBY, Respondent.—Appeal from a decree of the Surrogate's Court of Chemung County, entered September 5, 1978 which, after a jury trial, admitted a document dated September 25, 1975 to probate as the last will and testament of Jane C. Roby. Jane C. Roby died on February 23, 1978 at the age of 85 and was survived by her sister, Kathryn Vaughan, the sole contestant. In the contested document, decedent left the bulk of her estate to Stanley P. Roby, the proponent, a nephew by marriage. When the instrument was offered for probate, objections were filed by the contestant and a jury trial was held to determine five issues of fact framed by the Surrogate: (1) was the decedent's signature authentic; (2) did decedent declare the instrument to be her last will and testament; (3) was the instrument signed by two witnesses at decedent's request; (4) did decedent possess the requisite testamentary capacity when the instrument was signed; and (5) was decedent's signature procured by fraud or undue influence? At the close of contestant's evidence, a verdict was directed for the proponent on the issues of testamentary capacity and fraud or undue influence. The remaining three issues were submitted to the jury which returned a verdict in the affirmative. Although two of contestant's witnesses were permitted to testify that in their opinion the signature on the document offered for probate was not decedent's, contestant argues that the trial court erred in refusing to treat these witnesses as experts. However, in view of the limited education and experience in document examination that these witnesses possessed, the trial court reasonably exercised its discretion in refusing to accept their testimony as expert opinion (*Meiselman v Crown Hgts. Hosp.*, 285 NY 389; *Hileman v Schmitt's Garage*, 58 AD2d 1029). Nor was it error for the trial court to limit the introduction into evidence of decedent's medical records to that period of time immediately prior to the date the contested document was executed. A testator need only be competent at the time the will is executed (SCPA 1408, subd 2), and there is nothing in the record to establish that earlier medical records sought to be introduced by contestant would have been relevant to this question. Finally, the trial court properly directed a verdict for the proponent on the questions of testamentary capacity and fraud or undue influence, and the jury's verdict on the remaining questions was supported by the evidence. Accordingly, the decree should be affirmed. Decree affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.