■ STEPHEN BLAIZE et al., Appellants, v CITY OF NEW YORK et al., Respondents. — In a personal injury action, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered November 20, 1979, upon a jury verdict, in favor of the defendants. Judgment reversed, on the law, and new trial granted, with costs to abide the event. This is an action to recover compensatory damages for the personal injuries suffered by plaintiff Stephen Blaize (Blaize) and for the loss of services sustained by the injured plaintiff's wife, Carmen Blaize, as a result of the alleged negligence of the defendants, the City of New York and Joseph Montano. The causes of action arose when Stephen Blaize was shot by defendant Joseph Montano, a New York City police officer. It is undisputed that on the evening of December 17, 1974, Stephen Blaize emerged from a Brooklyn apartment building which he owned, and was confronted by an angry group of people, including some recently evicted tenants. Blaize fired his licensed pistol. Within a few seconds, Montano, having recently arrived at the scene, fired his gun, wounding Blaize in his thigh. Both Blaize and Montano testified at trial, presenting sharply different versions of the incident. Blaize stated that as he walked out of the building he saw a man coming toward him with a

piece of wood, and another man holding a butcher knife. Frightened by this, he fired his gun straight up in the air and then ran back toward the building. He was shot as he reached the door. Prior to that time, Blaize had not seen police at the scene. Montano testified that as he arrived at the building he saw Blaize waving his gun. After he twice shouted, "Police, drop your gun," Blaize fired his gun. Montano again shouted "Police, drop your gun". Blaize pointed his pistol at Montano and Montano fired at Blaize. Additional testimony was presented by Simon Short, a disinterested witness, whose version of the incident, in most respects, corroborated Blaize's testimony, and by a surgeon, who testified that, according to the medical evidence, Blaize could not have been facing Montano when the latter fired his gun. The testimony of the four witnesses was marshaled by the Trial Judge during his instructions to the jury. The jury returned a verdict in favor of the defendants. We agree with the plaintiffs that, in this closely contested case, the Trial Judge committed reversible error in the course of marshaling the testimony of Simon Short. We note, specifically, that despite an exception by plaintiffs' counsel, the Judge failed to state that, according to Short, Blaize never waved his gun or pointed it at anyone. Furthermore, the Judge failed to allude, in any way, to Short's description of the chaotic atmosphere in the street at the time of the shootings, or the threats to which Blaize, in firing his gun, was responding. Having chosen to marshall the evidence rather than to " 'incorporate the factual contentions of the parties in respect of the legal principles charged' " (see *Green v Downs*, 27 NY2d 205, 208), the trial court was obligated to summarize the testimony in a balanced manner (see *Gilhooly v Piciocchi*, 45 AD2d 961). Here, the court's failure to discuss Short's testimony in the thorough manner in which the testimony of the other witnesses was related may well have prejudiced the plaintiffs. Short was the sole disinterested eyewitness who testified in a case in which the credibility of the two party witnesses was placed sharply in issue. Had the court recounted the omitted portions of Short's testimony, the jury might have reached the conclusion that Montano was, in fact, negligent, and Blaize free of contributory negligence. Lazer, J.P., Rabin, Gulotta and Cohalan, JJ., concur.