■ LAVERNE HAWKINS, Appellant, v CITY OF NEW YORK, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County (Jordan, J.), dated October 19, 1982, which, after a jury verdict finding her 75% liable and defendant 25% liable, limited her award of damages to the principal sum of $15,000. Judgment reversed, on the law, with costs, and new trial granted limited to the issue of damages only. The findings of fact on the issue of liability and its apportionment are affirmed. The instant action was commenced by plaintiff to recover damages for injuries suffered when she tripped in a sidewalk hole on December 24, 1977. In charging the jury on the issue of damages the court correctly advised the jury that the burden of proving damages was on the plaintiff. However, in that part of the charge which covered defendant's claim that plaintiff had failed to mitigate her damages, the court erred when it failed to advise the jury that the burden of proof on the issue of mitigation of damages was on the defendant (*Bornstein v Neuman,* 92 AD2d 578). Moreover, the court also erred when it marshaled the evidence on the issue of mitigation. In this regard the court advised the jury that "[t]he defendant contends that if the plaintiff submitted to an operation, the pain would be greatly alleviated". However, the court failed to advise the jury of plaintiff's argument, which was amply supported by evidence in the record, that an operation could be dangerous. Under the circumstances, the charge was unbalanced and prejudicial to plaintiff (*Blaize v City of New York,* 80 AD2d 594; *Gilhooly v Piciocchi,* 45 AD2d 961). Finally, plaintiff contends that the court erred in charging the jury during the liability phase of this bifurcated trial. During its charge on the issue of liability, the court properly stated: "The pedestrian has a right to assume the sidewalk will be kept in a proper condition" (see *Sparks v City of New York,* 31 AD2d 660). However, shortly

thereafter the court stated: "A pedestrian has no right to assume a sidewalk will be kept in a proper condition". Plaintiff contends that this latter remark confused the jury and prejudiced her case. On the contrary, it seems more than likely that the court's statement here was a slip of the tongue and that plaintiff's counsel, by his silence, apparently recognized it as such. In any event, counsel's failure to make a timely exception to this isolated portion of the charge leads to the conclusion that any alleged error has not been preserved for appellate review (cf. *Kazales v Minto Leasing,* 61 AD2d 1039). We have reviewed the remaining contentions raised by plaintiff on appeal, and find them to be without merit. Mangano, J. P., Gibbons, Weinstein and Brown, JJ., concur.