(January 19, 1988)

■ ISABEL NAVARRO, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent.—Judgment of the Supreme Court, Bronx County (Alfred Callahan, J.), entered on November 19, 1986, which awarded plaintiff $500,000, plus interest

and costs, upon a jury verdict, unanimously reversed, on the law, and the matter remanded for a new trial, without costs.

Plaintiff Isabel Navarro brought this action for damages against the City of New York for personal injuries allegedly sustained when the car in which she was a passenger collided with a disabled vehicle that had allegedly been left without license plates in the right-hand lane of the Major Deegan Expressway near Yankee Stadium in The Bronx.

Plaintiff's case was submitted to the jury on the theory that the liability of the city resulted from the city's failure to remove the abandoned vehicle in accordance with Vehicle and Traffic Law § 1224, which vests title to abandoned vehicles in the city under circumstances set forth in that statute. Specifically, as here relevant, section 1224 (2) provides that, where a vehicle is left on a city street without license plates for more than six hours, it is deemed abandoned and title vests in the city. Pursuant to Administrative Code of the City of New York § 755(4)-3.0 as then in effect and since renumbered (§ 16-128), the Department of Sanitation is required to remove abandoned property, including vehicles, from city streets.

The jury was presented with conflicting testimony as to the amount of time which the abandoned vehicle had been left without plates on the expressway. The brother of plaintiff's then husband testified that he had seen the vehicle abandoned on the highway the previous day and that it had been there for 29 hours when the accident involving plaintiff occurred. The owner of the vehicle, Mr. Gonzalez, testified that he had left the car there after being involved in an unrelated accident only several hours before the accident involving plaintiff occurred.

In charging the jury, the Trial Judge marshaled the testimony of plaintiff's then brother-in-law to the effect that the allegedly abandoned vehicle had been there for approximately 29 hours, but denied the city's request to marshal the testimony of the owner of the car, Mr. Gonzalez, to the effect that the vehicle had been there less than the required six hours at the time of the accident, and the city duly objected.

While the decision of whether to marshal the evidence in a case where the issues are simple and straightforward is a matter within the Trial Judge's discretion, where the court elects to marshal the evidence, it is incumbent upon the court to present a balanced charge. *(Doolittle v Conklin Brass & Copper Co.,* 103 AD2d 722 [1st Dept 1984]; *Blaize v City of New York,* 80 AD2d 594 [2d Dept 1981]; *Gilhooly v Piciocchi,*

45 AD2d 961 [2d Dept 1974].) In denying the city's request to charge, the Trial Judge stated, "Mr. Gonzalez did nothing but screw up the testimony of the evidence already in the case. I didn't see fit to honor his testimony for that reason." During Mr. Gonzalez's testimony, the Trial Judge had repeatedly commented on the confusion resulting from Mr. Gonzalez's testimony, though the city did not object. The refusal of the Trial Judge to marshal the testimony of Mr. Gonzalez, which, if believed by the jury, would have absolved the city from liability under Vehicle and Traffic Law § 1224 (1), was therefore highly prejudicial to the city, particularly in light of the Trial Judge's repeated derogatory interjections during Mr. Gonzalez's testimony. In light of the absence of any evidence that the city had actual notice of the presence of the allegedly abandoned vehicle, violation of Vehicle and Traffic Law § 1224 was crucial to a finding of liability on the part of the city. By reason of the foregoing, it is unnecessary to reach the other points raised by the parties. Concur—Murphy, P. J., Sandler, Asch, Milonas and Rosenberger, JJ.