■ Philip L. Kapinos, an Infant, by Veronica Kapinos, His Mother and Natural Guardian, Appellant, v Harry Alvarado et al., Respondents. (Action No. 1.) Veronica Kapinos, Individually and as Mother and Natural Guardian of Philip L. Kapinos, an Infant, Appellant, v Highland Falls Volunteer Ambulance Corp., Also Known as Town of Highland Volunteer Ambulance Corp., et al., Respondents. (Action No 2.) —In jointly tried negligence actions to recover damages for personal injuries, etc., (1) the plaintiffs in action No. 2 appeal from a judgment of the Supreme Court, Putnam County (Dickenson, J.), entered August 22, 1986, which, upon the motion of the defendants in action No. 2 made at the close of their case, dismissed the complaint in action No. 2, and (2) the plaintiff in action No. 1 appeals from a judgment of the same court, entered September 24, 1986, which is in the defendants' favor and against him in action No. 1, upon a jury verdict.

Ordered that the judgments are affirmed, with one bill of costs payable to the respondents in actions Nos. 1 and 2, appearing separately and filing separate briefs.

On November 22, 1978, Philip Kapinos allegedly sustained serious physical injuries when his automobile collided with a van which was operated by Harry Alvarado, and owned by Luna Baking Company, Alvarado's employer. Veronica Kapinos, Philip's mother and natural guardian, commenced an action in his behalf (action No. 1) to recover damages for the injuries sustained by her son as a result of the collision. Mrs. Kapinos then commenced a separate action (action No. 2), on her own and her son's behalf, against the defendant Highland Falls Volunteer Ambulance Corp. and two of its employees, to recover damages for the injuries allegedly sustained by Philip while he was being transported from the site of the accident to a hospital emergency room.

The appellant in action No. 1 challenges the judgment which resulted in a dismissal of action No. 1, claiming, *inter alia,* that the trial court improperly permitted a police officer to render an opinion as to the point of impact of the colliding vehicles. He contends that such testimony was impermissible since the officer had not been qualified as an expert in accident reconstruction. We disagree. The record discloses that the police officer, who investigated the collision, testified primarily as to his observations at the scene of the accident. He recalled that he had observed broken glass, along with other debris, in the southbound lane. He also testified as to the location and position of the vehicles when he arrived at the scene. Based upon these observations, the officer expressed his

conclusions regarding the point of impact of the colliding vehicles. Contrary to the plaintiff's contention, we find that the trial court properly permitted the officer to testify as to his conclusions, without having qualified him as an expert, since his testimony constituted observations not requiring any particular expertise (see, Hileman v Schmitt's Garage, 58 AD2d 1029).

We further find that the trial court did not improvidently exercise its discretion in denying the request of the appellant in action No. 1 to recall his expert witness, in order to rebut the testimony provided by the defendants' expert. The record reveals that the appellant, through this expert, intended to elicit testimony to the effect that the collision occurred in the northbound lane. However, he had ample opportunity to adduce such proof during direct examination. "A party holding the affirmative of an issue is bound to present all the evidence on his side of the case before he closes his proof and may not add to it by the device of rebuttal evidence (Marshall v Davies, 78 NY 414)" (see, Hutchinson v Shaheen, 55 AD2d 833, 834). Accordingly, we conclude that the trial court properly refused to permit rebuttal testimony concerning a fact which merely served to bolster the appellant's case after the defendants had rested.

The appellant's remaining contentions concerning the propriety of the judgment in action No. 1 have been considered and have been found to be without merit.

With respect to action No. 2, we note that the appellants have not raised any specific arguments in their brief challenging the dismissal thereof. In any event, we find that the trial court properly granted the motion to dismiss action No. 2, since no reasonable view of the evidence supports the conclusion that the defendants in action No. 2 were grossly negligent. Thus, they are immune from liability for the medical services rendered to Philip Kapinos (see, Public Health Law § 3013). Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.