■ DELVA M. T. COMIZIO, Appellant, v RICHARD W. HALE, Respondent.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered July 1, 1988, which, upon a jury verdict on the issue of liability, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff was born in 1964. The gravamen of her medical malpractice action is that during the period from 1971 through 1975, the defendant improperly selected antibiotics, rather than surgery, to correct her urinary problem, i.e.,

vesicoureteral reflux, the backing up of urine from the bladder into the kidneys when voiding. The jury returned a verdict in favor of the defendant doctor.

On the instant appeal, the plaintiff argues, *inter alia,* that reversible error was committed when the defendant was allowed to testify that his method of treatment was supported by the findings of an international study group, i.e., the International Reflux Study Committee, which was formed to study reflux in children. We disagree.

It is "settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness" *(Cassano v Hagstrom,* 5 NY2d 643, 646; *see also, Hambsch v New York City Tr. Auth.,* 63 NY2d 723). However, the Court of Appeals has "recognized two limited exceptions to this rule and held that an expert may rely on out-of-court material if 'it is of a kind accepted in the profession as reliable in forming a professional opinion' or if it 'comes from a witness subject to full cross-examination on the trial' " *(Hambsch v New York City Tr. Auth., supra,* at 726, quoting *People v Sugden,* 35 NY2d 453, 460-461). In the case at bar, the plaintiff's own expert witness, Dr. Weiss, testified that (1) he was the scientific coordinator of the international study group referred to by the defendant, (2) his position as scientific coordinator involved "accumulating all the data from all the United States centers" for the period "from 1960 through about 1980", as it related to reflux in children, and (3) he published his findings in the Journal of Urology, "a medical journal in which urologists * * * report their experiences, results, findings * * * that would be of interest to the urology community". Under these circumstances, the admission into evidence of the challenged testimony does not constitute grounds for reversal of the judgment.

We have examined the plaintiff's remaining arguments and find them to be either unpreserved for appellate review or without merit *(see, O'Neill v Cross County Hosp.,* 61 AD2d 1008; *Navarro v City of New York,* 136 AD2d 483). Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.