■ FLORENCE MANILOW, Respondent, v 93-20 ASTORIA BOULEVARD CORPORATION et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Graci, J.), entered February 15, 1989, which, upon a jury verdict finding the plaintiff 60% at fault in the happening of the accident, and the defendants 40% at fault in the happening of the accident, and finding that the total damages sustained amounted to $200,925 ($40,000 for pain and suffering up to the date of the verdict, $550 for medical expenses up to the date of the verdict, $50 for medicines up to the date of the verdict, $125 for medical equipment up to the date of the verdict, $27,700 for loss of earnings up to the date of the verdict, $15,000 for loss of enjoyment of life up to the date of the verdict, $47,500 for pain and suffering in the future, $45,000 for medical expenses in the future, and $25,000 for loss of enjoyment of life in the future), is in favor of the plaintiff and against them in the principal sum of $80,370.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff to $29,370, representing the defendants' proportionate share of damages for medical expenses, medicines, medical equipment, and loss of earnings, and adding thereto a provision severing the plaintiff's claim for damages for conscious pain and suffering and granting a new trial with respect thereto unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a

written stipulation signed by her consenting to decrease the award for the defendants' proportionate share of damages for conscious pain and suffering to the principal sum of $35,000, said reduction representing the vacatur of the awards for loss of enjoyment of life, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed, without costs or disbursements, and the plaintiff's time to serve and file a stipulation is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry; and it is further,

Ordered that in the event the plaintiff so stipulates, then the judgment in her favor, as so reduced and amended, is affirmed, without costs or disbursements.

The defendants argue that the plaintiff Florence Manilow should not have received separate awards for loss of enjoyment of life in addition to pain and suffering. We agree.

We note that no objection was made to the jury charge or verdict sheet regarding the separate items of damages and, therefore, this claim is not preserved for review as a matter of law. Nevertheless, upon review in the exercise of our discretion, we find that it was improper to allow separate awards for pain and suffering and loss of enjoyment of life (see, McDougald v Garber, 73 NY2d 246). Accordingly, the award for loss of enjoyment of life must be vacated, as it should be considered one factor in determining the award for pain and suffering.

Finally, we find no merit in the defendants' contention that the court's marshaling of the evidence was unbalanced and biased (see, Blaize v City of New York, 80 AD2d 594). Brown, J. P., Kunzeman, Eiber and Balletta, JJ., concur.