■ Anna Vazquez, Appellant, v City of New York, Respondent, et al., Defendant. [621 NYS2d 862] —Judgment of the Supreme Court, Bronx County (Alan J. Saks, J.), entered October 14, 1993 which, upon a jury verdict finding that

plaintiff sustained damages in the amount of $150,000 and finding plaintiff 86% liable for her injuries and defendant City of New York 14% liable, reduced the City's liability by the amount of the pretrial settlement with co-defendant Cid-Sam Management Corp. in the sum of $10,000 and awarded her $11,000, unanimously modified, on the law, to the extent of awarding plaintiff $19,600 and, except as so modified, affirmed, without costs.

The record belies plaintiff's contention that the court's charge was not supported by the evidence. Moreover, the charge was sufficient, as a whole, to correctly apprise the jury of the applicable law and struck an appropriate balance in presenting the parties' factual contentions (see, Navarro v City of New York, 136 AD2d 483, 484).

Neither was plaintiff prejudiced by the court's imposition of a limit on the amount of damages her attorney could request from the jury. Counsel ignored the court's ruling and, in the course of summation, asked the jury to award an amount well in excess of that requested in plaintiff's pleadings (CPLR 3017 [c]).

However, the amount of the award requires modification. In calculating the sum due plaintiff, the court first determined the City's share of the verdict (14% of $150,000, or $21,000) and then reduced this sum by the amount of the pretrial settlement reached with defendant Cid-Sam Management Corp. ($10,000) to arrive at an award of $11,000. As this Court stated in Matter of New York City Asbestos Litig. (188 AD2d 214, 220-221, affd 82 NY2d 821), in crediting the amount of pretrial settlements under General Obligations Law § 15-108, "the verdict obtained is first reduced by the amount of the pretrial settlements before calculating the equitable share attributable to those defendants who proceeded to trial." Therefore, the verdict is first reduced by the settlement and that amount ($140,000) multiplied by the defendant's equitable share (14%) to yield an award of $19,600. Concur—Ellerin, J. P., Ross, Rubin, Nardelli and Williams, JJ.