■ MICHAEL CLEARY, Appellant, v CITY OF NEW YORK, Respondent. [651 NYS2d 119] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Golden, J.), entered June 1, 1995, which, upon a jury verdict, is in favor of the defendant and against him dismissing the complaint. Justice Sullivan has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, his photographic exhibit showing potholes he allegedly "swerved" to avoid was properly excluded by the trial court, since he never previously claimed or testified that swerving caused his motorcycle to go out of control (*see, Brook-Hattan Utils. v 893 Constr. Corp.,* 180 AD2d 660; *Sharkey v Locust Val. Mar.,* 96 AD2d 1093, 1094; *cf., Ackerman v City of New York,* 22 AD2d 790).

The ambulance report was also properly excluded (*see, O'Connor v Incorporated Vil. of Port Jefferson,* 104 AD2d 861, 862, citing, *inter alia,* CPLR 4518 [a], [c]). Accordingly, the trial court correctly refused to permit the plaintiff's toxicologist to testify from the ambulance report (*see, Comizio v Hale,* 165 AD2d 823, 824, quoting *Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 726; *see also, Borden v Brady,* 92 AD2d 983).

We also conclude that the trial court did not improvidently exercise its discretion when it prohibited the police officer who responded to the scene of the accident from testifying as to the cause of the accident using information contained on the cover sheet of his police report, or in the police report itself, since he neither witnessed the accident nor was he qualified to render an opinion as to its cause (*see, Murray v Donlan,* 77 AD2d 337, 347).

The court properly admitted the certified hospital report from Bellevue Hospital containing the results of the plaintiff's serum blood alcohol test (*see, Wilson v Bodian,* 130 AD2d 221, 229, citing, *inter alia,* CPLR 4518 [c]).

The plaintiff's remaining contentions are without merit. Miller, J. P., Ritter, Sullivan and Copertino, JJ., concur.