■ KEITH MEAD et al., Appellants, v JANINE REILLY et al., Respondents. [656 NYS2d 653] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Putnam County (Sklaver, J.H.O.), dated April 8, 1996, which, upon a jury verdict on the issue of liability in favor of the defendants, is against them dismissing the complaint, and (2) an order of the same court, entered June 3, 1996, which denied the plaintiffs' motion to set aside the verdict.

Ordered that the judgment and order are affirmed, with one bill of costs.

The jury's verdict was amply supported by the record. Both the injured plaintiff and the defendant driver testified that the accident occurred during pouring rain as both parties approached a blind curve in the road from opposite directions. The plaintiffs did not offer any proof that the defendant driver was going faster than 15 to 20 miles per hour or that her car skidded out of control due to an error in driving. The plaintiffs merely offered their expert's conclusory opinion that the defendant driver was not operating her vehicle properly under the conditions. Under these circumstances, it was not against the weight of the credible evidence for the jury to find that the defendants were not negligent in the happening of the accident (see generally, Mangano v New York City Hous. Auth., 218 AD2d 787).

The plaintiffs' contention in their posttrial motion that the trial court committed reversible error in allowing the police officer to testify as to his own observation is without merit. The police officer testified that he observed that the road was wet and concluded that this was a contributing factor in the accident. The trial court properly permitted the officer to testify without having qualified him as an expert, since his testimony consisted of observations not requiring any particular expertise (see, Kapinos v Highland Falls Volunteer Ambulance Corp., 143 AD2d 332, 333; Hileman v Schmitt's Garage, 58 AD2d 1029).

There is also no merit to the plaintiffs' claim that it was reversible error for the court to charge the jury on the issue of forseeability since they were also instructed as to prima facie negligence with respect to crossing a double yellow line. During the course of the trial the plaintiffs introduced both common-law and statutory negligence as possible theories of liability. Accordingly, they cannot now be heard to complain that the court improperly instructed the jury as to both theories (see, Tymon v Linoki, 16 NY2d 293; Shepardson v Town of Schodack, 195 AD2d 630, affd 83 NY2d 894). Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.