■ LINDA SCHWARTZ, Respondent, v FRANCES L. ROSENTHAL, Also Known as FRANCES L. GROSS, Appellant, et al., Defendant. [664 NYS2d 310] —In an action to recover damages for personal injuries, the defendant Frances L. Rosenthal a/k/a Frances L. Gross appeals from a judgment of the Supreme Court, Kings County (Greenstein, J.), entered April 16, 1996, which, upon a jury verdict finding her 30% at fault in the happening of the accident and the defendant Maria Ramos 70% at fault in the happening of the accident, and upon the granting of those branches of the appellant's motion which were to set aside the verdict as to damages for future medical care, future surgical care, future hospital costs, and future household help, and the denial of those branches of the appellant's motion which were to set aside the verdict as to damages for past and future pain and suffering, awarded the plaintiff $100,000 in damages for past pain and suffering and $3,840,000 in damages for future pain and suffering.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof which awarded the plaintiff damages for future pain and suffering, and substituting therefor a provision granting a new

trial with respect thereto; as so modified, the judgment is affirmed insofar as appealed from, with costs, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from $3,840,000 to $1,250,000, and to the entry of an appropriate amended judgment in her favor; in the event that the plaintiff so stipulates, the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment accordingly.

The plaintiff was injured as the result of an automobile accident. The police officer who was present at the scene shortly after the accident occurred had drawn a diagram depicting the point of impact of the vehicles and testified that the vehicles had side-swiped each other. Specifically, in arriving at this conclusion, the officer noted, *inter alia,* the position of the cars as they had come to rest on the roadway, and the damage to the vehicles and a center meridian. The officer did not testify as to which car struck the other first.

Contrary to the appellant's contention, the testifying police officer did not offer any opinion beyond his expertise as a police officer who routinely responds to accidents and the trial court properly permitted him to testify as to his conclusions without having qualified him as an expert, since his testimony constituted observations not requiring particular expertise (*see, Kapinos v Highland Falls Volunteer Ambulance Corp.,* 143 AD2d 332, 333, citing *Hileman v Schmitt's Garage,* 58 AD2d 1029).

We find, however, that the damage award for future pain and suffering is excessive to the extent indicated because it deviates materially from what would be reasonable compensation under the facts and circumstances of this case (*see,* CPLR 5501 [c]; *Ramos v Ramos,* 234 AD2d 439; *Gaeten v New York City Tr. Auth.,* 213 AD2d 510; *Burton v New York City Hous. Auth.,* 191 AD2d 669).

We find no merit to the appellant's remaining contentions. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.