■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS J. BROCKENSHIRE, Appellant. [666 NYS2d 73] —Judgment unanimously affirmed. Memorandum: Defendant was not deprived of a fundamental right because a *Sandoval* hearing was not conducted before he testified before the Grand Jury or because defense counsel and the prosecutor stipulated, in his absence, to the admissibility of defendant's past convictions. The holding in *People v Sandoval* (34 NY2d 371) has not been extended to Grand Jury proceedings (*see, People v Thomas,* 213 AD2d 73, 78-79, *affd* 88 NY2d 821; *see also, People v Jones,* 239 AD2d 234; *People v Hawkins,* 216 AD2d 414, 415, *lv denied* 86 NY2d 842).

County Court did not abuse its discretion in permitting an investigator to testify to his observations at the crime scene and to his conclusions, based upon those observations, concerning the sequence of the firing of the three bullets and their trajectories after they hit the victim's vehicle. Because the investigator had 17 years of practical experience and had investigated 150 shootings, his lack of formal education in bal-

listics and trajectories did not disqualify him from so testifying (*see, Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398; *see also, People v Rivera*, 236 AD2d 428, *lv denied* 90 NY2d 863; *People v Donaldson,* 107 AD2d 758, 759). In any event, the bulk of his testimony concerned his observations of physical evidence at the crime scene, testimony "not requiring any particular expertise" (*Mead v Reilly,* 238 AD2d 484, 485, *lv dismissed in part and denied in part* 90 NY2d 930).

Defendant was not denied a fair trial by prosecutorial misconduct on summation; the prosecutor's comments were fair response to defense counsel's summation (*see, People v Rivera*, 158 AD2d 344, *lv denied* 76 NY2d 741; *see generally, People v Galloway*, 54 NY2d 396).

Defendant failed to preserve for our review his contention that the court erred in charging the jury concerning the voluntariness of his confession (*see,* CPL 470.05 [2]). In any event, the alleged errors in the court's charge raised by defendant neither prejudiced him nor deprived him of a fair trial. Defendant further contends that his standby counsel was ineffective. Defendant chose to proceed *pro se* and moved to dismiss standby counsel during trial. The court denied the motion, informing defendant that standby counsel would not "open his mouth unless you ask him" to do so. Thus, defendant waived his right to counsel and may not argue that standby counsel was ineffective in failing to place certain objections on the record (*see, People v Sawyer*, 57 NY2d 12, 21-22, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178; *see generally, People v Rivera*, 71 NY2d 705, 708-709). (Appeal from Judgment of Cattaraugus County Court, Nenno, J.—Criminally Negligent Homicide.) Present—Green, J. P., Pine, Wisner, Callahan and Fallon, JJ.