■ MICHELLE A. DENNIS, an Infant, by BARBARA FEENEY, Her Mother and Guardian, et al., Appellants, v CAPITAL DISTRICT TRANSPORTATION AUTHORITY et al., Respondents. [711 NYS2d 836] —Spain, J. Appeal from a judgment of the Supreme Court (Duggan, J.), entered April 30, 1999 in Albany County, upon a verdict rendered in favor of defendants.

Plaintiffs commenced this action to recover damages arising out of injuries sustained in July 1992 by then 16-year-old plaintiff Michelle A. Dennis (hereinafter plaintiff) when the bicycle she was riding collided with a bus at the intersection of Ontario Street and Western Avenue in the City of Albany. Defendant Myrtle L. Mimms was driving the bus which was owned by defendant Capital District Transportation Authority. After trial, the jury returned a verdict in favor of defendants

finding that neither defendant was negligent and that plaintiff's negligence was the sole proximate cause of the accident. Plaintiffs appeal.

At trial, the investigating police officer was permitted to testify, over plaintiffs' objection, that a notation on his report of the accident signified "[p]edestrian/bicyclist error or confusion". In response to plaintiffs' motion for a mistrial, Supreme Court advised the jury that it had "reversed itself" and gave curative instructions. Although plaintiffs did not object to the curative instructions, they now contend that the admission of the evidence was reversible error and that their motion for a mistrial should have been granted.

In the absence of any evidence that the police officer witnessed the accident or was qualified to render an opinion as to its cause, the notation on the officer's report referring to "bicyclist error" was inadmissible (*see, Cleary v City of New York*, 234 AD2d 411; *Murray v Donlan*, 77 AD2d 337, 347, *appeal dismissed* 52 NY2d 1071). Where, as here, the trial court acknowledged its error and gave curative instructions, reversal is not required if the instructions were sufficient to alleviate the prejudicial effect of the error (*see, e.g., Marek v De Poalo & Son Bldg. Masonry*, 240 AD2d 1007, 1009-1010; *Fischl v Carbone*, 155 AD2d 516; *Bechard v Eisinger*, 105 AD2d 939, 941-942). In addition, plaintiffs' motion for a mistrial based upon the erroneous admission of evidence was "directed to the sound discretion of the trial court" (*Harris v Village of E. Hills*, 41 NY2d 446, 451) and the giving of sufficient curative instructions will justify the denial of the motion (*compare, Mulle v Weinstein*, 141 AD2d 517, *lv denied* 73 NY2d 701, *with Cohn v Meyers*, 125 AD2d 524, 527). Based upon the foregoing principles, it is apparent that plaintiffs' claims regarding the erroneous admission of evidence and denial of their motion for a mistrial require consideration of the sufficiency of the curative instructions given by Supreme Court. However, having failed to object to the curative instructions, plaintiffs are precluded from challenging the sufficiency and effect of those instructions on appeal (*see, Marek v De Poalo & Son Bldg. Masonry, supra*, at 1009).

In any event, we conclude that, considering all of the relevant circumstances, the curative instructions were sufficient to neutralize the prejudicial effect of the error and justified the denial of plaintiffs' motion for a mistrial. A curative instruction is sufficient to obviate a trial error if it is given in such explicit terms as to preclude the inference that the jury might have been influenced by the error (*see, Smulczeski v City Ctr. of*

*Music & Drama*, 3 NY2d 498, 501). Supreme Court unequivocally directed the jury to disregard any statement by the police officer concerning his opinion of the cause of the accident and to evaluate the evidence at the appropriate time "as if you had never heard that statement made. It is no longer part of this case." Significantly, there is ample admissible evidence that plaintiff rode her bicycle through a red light into the path of the bus and on the issue of defendants' freedom from negligence, the officer offered no opinion. Accordingly, we conclude that the explicit curative instructions were sufficient to preclude the inference that the jury might have been influenced by the error and, therefore, reversal is not required.

Plaintiffs also claim that the verdict, specifically the finding of defendants' freedom from negligence, was against the weight of the evidence. According to plaintiffs, Mimms' inattention was at least a contributing factor in the happening of the accident. However, there is evidence in the record, including the testimony of a disinterested eyewitness that the jury obviously credited, which demonstrates that plaintiff rode her bicycle through a red light and directly in front of the bus, giving Mimms no time to apply the brakes before the bus hit plaintiff. The testimony of the eyewitness also conflicts in several material respects with the facts assumed by plaintiffs' expert. For example, the eyewitness testified that when he first observed what turned out to be plaintiff on her bicycle, she was traveling rapidly toward the intersection and that the collision occurred almost beneath the traffic light, while the expert assumed that plaintiff had stopped at the curb before attempting to cross in front of the bus and that the collision occurred in the crosswalk just as the bus entered the intersection. Viewing the record in a light most favorable to defendants (*see, Stanavich v Pakenas*, 190 AD2d 184, 186, *lv denied* 82 NY2d 659), and bearing in mind that a jury verdict will not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746), we conclude that the verdict was not against the weight of the evidence (*see, e.g., McNaughton v Maslyn*, 267 AD2d 741; *Lenhard v Max Finkelstein, Inc.*, 225 AD2d 1101, *lv denied* 88 NY2d 806).

Crew III, J. P., Carpinello, Graffeo and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.