■ CARMELO SCHEMBRE, Appellant, v ATOMIC SPRING AND ALIGNMENT CO., INC., Respondent. [722 NYS2d 64] —In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Jackson, J.), dated March 29, 2000, which, upon a jury verdict in favor of the defendant, and an order of the same court, dated December 22, 1999, denying his motion pursuant to CPLR 4404 to set aside the jury verdict and for a new trial, dismissed the complaint.

Ordered that the judgment is reversed, on the law and as a matter of discretion, the order dated December 22, 1999, is vacated, the motion is granted, and a new trial is granted, with costs to abide the event.

The plaintiff testified at trial that on February 28, 1997, he took his sister's car to a repair shop operated by the defendant and had certain repairs made to the brakes. He further testified that shortly after leaving the shop with his sister's car, the brakes failed, causing him to swerve off the roadway and hit a stanchion in the median of Third Avenue in Brooklyn. A subsequent inspection of the car revealed a leak in the brake line running to the left front wheel.

At trial, the plaintiff produced as a witness the police officer who had prepared the accident report relative to this case; however, the police officer testified that he had no recollection of the details of the accident. On cross-examination, defense counsel elicited testimony from the officer that certain skid marks allegedly depicted in a photograph of the scene of the accident were "indicative of a car hitting the median." In his summation, defense counsel elaborated on his theory that, contrary to the plaintiff's testimony, the brakes did not fail prior to the car's impact with the stanchion, but rather, the brake line broke as a result of that impact. In support of this theory,

counsel cited the alleged skid marks as proof that the brakes had in fact functioned prior to such impact.

We agree with the plaintiff that the trial court erred in allowing defense counsel to question the police officer about the alleged connection between the position of the plaintiff's vehicle after the accident and the skid marks depicted in the photograph. There was no evidence establishing that the skid marks shown in the photograph, which was taken on September 9, 1999, were even present on the roadway on the date of the accident, which was more than two years earlier. The officer's opinion, from which the jury could have inferred that the skid marks were made by the plaintiff's car, was thus improperly based on a fact not in evidence (*see, Hugelmaier v Town of Sweden,* 144 AD2d 934; *see also, Cassano v Hagstrom,* 5 NY2d 643, 646).

Furthermore, the subject matter about which the officer was called upon to offer an opinion was not within the ordinary expertise of a police officer responding to accident scenes. Counsel did not ask the officer to assess the import of skid marks that the officer had actually seen in connection with an accident investigation the details of which he could actually recall. Rather, counsel asked the officer to calculate, based on a diagram of very approximate dimensions, and a photograph, the coordinates of which did not match those of the diagram, whether skid marks allegedly visible in the photograph were consistent with the ultimate position of the car as described in the diagram. Such calculations would necessitate the use of skills not ordinarily required of a police officer. Thus, even had there been evidence establishing that the skid marks shown in the September 9, 1999, photograph were present at the time of the accident on February 28, 1997, the officer's testimony in this regard would have been improper (*see, Dennis v Capital Dist. Transp. Auth.,* 274 AD2d 802; *Cleary v City of New York,* 234 AD2d 411; *Murray v Donlan,* 77 AD2d 337).

Contrary to the defendant's contention, the plaintiff's argument on this score is at least partially preserved for appellate review, as the plaintiff's attorney registered an objection based on the officer's lack of expertise as soon as defense counsel began to address this subject. In any event, this error must be considered fundamental since it created a basis upon which the jury might have concluded that the brakes of the plaintiff's car did not fail, a hypothesis for which there is otherwise no support in the record. Given the fundamental nature of this error, review in the interest of justice is warranted (*see, Breitung v Canzano,* 238 AD2d 901). The error clearly cannot be considered harmless.

In light of the foregoing determination, the appellant's remaining contentions need not be addressed. Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.