■ GLORIA ALMESTICA, Appellant, v MARIE COLON, Respondent, et al., Defendant. [757 NYS2d 336] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered January 17, 2002, which, upon a jury verdict, is in favor of the defendant Marie Colon and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff was injured when the defendant Marie Colon's vehicle, in which the plaintiff was a passenger, collided in a parking lot with the defendant Delano Dorsaint's vehicle. Before the trial, the plaintiff settled her action against Dorsaint for the full amount of his policy. After trial, the jury returned a verdict in favor of Colon finding that Dorsaint's negligence was the sole proximate cause of the accident.

The Supreme Court permitted the police officer who arrived at the scene shortly after the impact to testify, after referring to his report, as to the location of and damage to the respective vehicles, and to offer his opinion as to the point of impact. The Supreme Court properly permitted this testimony without having the police officer qualify as an expert, since his testimony consisted of observations not requiring any particular expertise (see *Schwartz v Rosenthal,* 244 AD2d 325 [1997]; *Mead v Reilly,* 238 AD2d 484 [1997]; *Kapinos v Alvarado,* 143 AD2d 332 [1988]).

However, in the absence of any evidence that the police officer either witnessed the accident or was qualified to render an opinion as to its cause, the Supreme Court improperly permitted him to assign fault (see *Schembre v Atomic Spring & Alignment Co.,* 281 AD2d 531 [2001]; *Dennis v Capital Dist. Transp. Auth.,* 274 AD2d 802 [2000]; *Cleary v City of New York,* 234

AD2d 411 [1996]). The police officer's description of the accident was premised upon a notation in his report that stated that Dorsaint's vehicle "was traveling across marked rows in the parking lot." He testified as to having interviewed both drivers as well as an independent witness but did not delineate what each person said. The admission of that portion of the report, which failed to specify the source of the information, and the hearsay testimony derived from it, was therefore improper (see *Coughlin v Bartnick,* 293 AD2d 509 [2002]; *Dennis v Capital Dist. Transp. Auth., supra* at 843; *Cleary v City of New York, supra* at 411, *Murray v Donlan,* 77 AD2d 337, 346 [1980]). Altman, J.P., Florio, H. Miller and Adams, JJ., concur.