■ Carol Baker, Appellant, v Nicole Joyal, Defendant, and Franklyn Akey, Respondent. [771 NYS2d 269]—

Rose, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered May 30, 2003 in Clinton County, upon a dismissal of the complaint against defendant Franklyn Akey at the close of plaintiff's case.

Plaintiff commenced this personal injury action against defendant Franklyn Akey (hereinafter defendant) and defendant Nicole Joyal alleging negligence in the operation of each of their respective motor vehicles. Prior to trial, plaintiff settled her claim against Joyal and discontinued the action against her. Plaintiff then proceeded to trial against defendant and offered evidence that Joyal's eastbound vehicle overtook and struck the rear of defendant's vehicle, also traveling east, causing defendant's vehicle to cross into the opposite lane of traffic

where it was struck by plaintiff's westbound vehicle. At the close of plaintiff's proof, Supreme Court granted defendant's motion for a directed verdict on the ground that plaintiff failed to prove a prima facie case of negligence.

Plaintiff appeals, arguing that, by violating Vehicle and Traffic Law § 1120 (a), which provides that "vehicle[s] shall be driven upon the right half of the roadway," defendant was negligent per se. We cannot agree, however, inasmuch as only an unexcused violation of the Vehicle and Traffic Law constitutes negligence per se (*see Gadon v Oliva*, 294 AD2d 397, 397-398 [2002]; *Devoe v Kaplan*, 278 AD2d 734, 735 [2000]; *Holleman v Miner*, 267 AD2d 867, 868-869 [1999]). Here, plaintiff's own proof established defendant's excuse that he was rendered unconscious when his vehicle was struck by Joyal's vehicle, causing his vehicle to cross over into the oncoming lane of travel. While evaluation of the reasonableness of such an excuse is normally left to the jury, it is proper for the court to determine the issue as a matter of law when there is no evidence to the contrary and no rational process by which a jury could find for the plaintiff (*see Sousie v Lansingburgh Boys & Girls Club*, 306 AD2d 614, 615 [2003]; *Calafiore v Kiley*, 303 AD2d 816, 817 [2003]; *Clemente v Impastato*, 274 AD2d 771, 773 [2000]). Plaintiff offered no evidence whatsoever to contradict defendant's reasonable excuse for crossing into the wrong lane and no evidence that defendant caused the initial collision with Joyal's vehicle.

We are also in agreement with Supreme Court's view that defendant's failure to wear a seatbelt in violation of Vehicle and Traffic Law § 1229-c cannot be considered as the basis of plaintiff's claim of negligence (*see Baker v Keller*, 241 AD2d 947, 947 [1997]; *Hamilton v Purser*, 162 AD2d 91, 92 [1990]). Accordingly, it was proper for Supreme Court to grant defendant's motion for a directed verdict.

Crew III, J.P., Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.