Holownia v Caruso (2020 NY Slip Op 02832)





Holownia v Caruso


2020 NY Slip Op 02832


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

528030

[*1]Piotr Holownia et al., Appellants,
v
Vincent Caruso, Defendant, and New Prime, Inc., et al., Respondents.

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Finkelstein & Partners, LLP, Newburgh (Lawrence D. Lissauer of counsel), for appellants.
Gordon Rees Scully Mansukhani, LLP, Harrison (Patrick J. Welch of counsel), for respondents.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered October 25, 2018 in Ulster County, upon a verdict rendered partially in favor of plaintiffs.
At approximately 5:15 p.m. on January 11, 2014, a 2012 Nissan sedan (hereinafter the sedan) driven by Brian Caruso and owned by defendant Vincent Caruso was traveling eastbound in the left lane of Interstate 84 in the Town of Southeast, Putnam County when it made a sudden lane change to the right and struck a 2012 Freightliner tractor trailer driven by defendant Gerry Stedman Page,[FN1] an employee of defendant New Prime, Inc., which was also traveling eastbound in the adjacent right lane. As a result, the sedan went off the highway to the right, hit a sign and came to rest in the grass. The tractor trailer went off the highway to the left, crossed through the median and entered the westbound lanes of Interstate 84, where it was struck head-on by a 1996 Geo Prizm driven by plaintiff Piotr Holownia.
Holownia and his spouse, derivatively, thereafter commenced this action against defendants, seeking damages for personal injuries.[FN2] Following joinder of issue, a bifurcated jury trial ensued on the issue of liability only and, at the close of all the proof, plaintiffs moved for a directed verdict against all defendants. Supreme Court granted the motion as against Vincent Caruso, but denied the motion as to Page and New Prime. The case was submitted to the jury, which thereafter rendered a verdict finding that Page and New Prime were negligent, but that said negligence was not a substantial factor in causing the collision. Supreme Court denied plaintiffs' subsequent motion to set aside the verdict and for judgment notwithstanding the verdict. Plaintiffs appeal.
Plaintiffs contend that, inasmuch as it was undisputed at trial that the tractor trailer was travelling in excess of the speed limit at the time that it was struck by the sedan (see Vehicle and Traffic Law § 1180 [a], [d]), it was error for Supreme Court not to grant their motion for a directed verdict against Page and New Prime, as this violation of the Vehicle and Traffic Law constituted negligence per se. We disagree. "A trial court may grant a CPLR 4401 motion for judgment as a matter of law only when, viewing the evidence in the light most favorable to the nonmoving party and affording him or her the benefit of every inference, there is no rational process by which a jury could find in favor of the nonmoving party" (D.Y. v Catskill Regional Med. Ctr., 156 AD3d 1003, 1005 [2017]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). Although "it is well settled that a defendant's unexcused violation of the Vehicle and Traffic Law constitutes negligence per se" (Devoe v Kaplan, 278 AD2d 734, 735 [2000] [internal quotation marks and citation omitted]; see Baker v Joyal, 4 AD3d 596, 597 [2004], lv denied 2 NY3d 706 [2004]), liability does not result unless the violation was a proximate cause of the accident (see Sheehan v City of New York, 40 NY2d 496, 501-503 [1976]; Wallace v Terrell, 295 AD2d 840, 841 [2002]).
Here, it is undisputed that it was the sudden lane change by the sedan and its subsequent collision with the tractor trailer that set in motion the events that led to the collision between the Holownia vehicle and the tractor trailer. Prior to being hit by the sedan, Page was not operating the tractor trailer in an erratic manner and was traveling within his lane with the "flow of traffic." Although Page observed the sedan "erratically changing speeds" in the adjacent passing lane in the minutes prior to the collision, said observation provided no basis from which Page could or should have reasonably anticipated that the sedan would subsequently crash into the side of his tractor trailer. Further, upon impact, Page immediately engaged the tractor trailer's brakes and attempted to move to the right side of the interstate; however, the collision with the sedan had damaged the tractor trailer's steering system, causing the tractor trailer to veer over the median and into the westbound lanes of Interstate 84. Although the tractor trailer's onboard computer system established that it was traveling 64 miles per hour in a 55-mile-per-hour zone when it was struck by the sedan, Page was not cited for any violation of the Vehicle and Traffic Law.[FN3] Given these facts, a jury could rationally and fairly conclude that the speed of the tractor trailer was not a proximate cause of the accident and, therefore, Supreme Court appropriately denied plaintiffs' motion for a directed verdict against Page and New Prime (see Gardner v Chester, 151 AD3d 1894, 1896 [2017]; Brown v State of New York, 144 AD3d 1535, 1538 [2016]; see also Solomon v Green Bay Sanitation Corp., 164 AD3d 854, 855 [2018]; compare Baker v Joyal, 4 AD3d at 597).
Nor did Supreme Court err when it permitted the trooper who responded to the scene of the accident to testify as to her personal observations, investigation and opinion as to whether the tractor trailer contributed to the subject accident. The trooper testified that she investigated hundreds of motor vehicle accidents in her career and that, after arriving at the subject accident scene, she conducted an investigation, interviewed available witnesses and, based thereon, provided a description of the accident scene, including her observations as to the points of impact on the various vehicles involved therein. The trooper's testimony, therefore, "was within the ordinary expertise of a police officer who routinely responds to motor vehicle accidents" (Evers v Carroll, 17 AD3d 629, 630 [2005]; see Almestica v Colon, 304 AD2d 508, 508 [2003]; Schwartz v Rosenthal, 244 AD2d 325, 326 [1997], lv denied 92 NY2d 802 [1998]; Kapinos v Alvarado, 143 AD2d 332, 333 [1988]). When the trooper was questioned as to "the cause of the accident," Supreme Court appropriately sustained plaintiffs' objection. Upon further questioning, the court permitted the trooper to offer her limited opinion as to the contribution of Page's tractor trailer to the accident based upon her investigation of the scene, observation of the damaged vehicles and interviews with witnesses, with her concluding that the tractor trailer did not have "any influence" on the accident. Given that the trooper's conclusion derived from her own factual observations that did not require any particular expertise, we find no abuse of discretion in Supreme Court's admission of the trooper's testimony in this regard (see Schwartz v Rosenthal, 244 AD2d at 326; Kapinos v Alvarado, 143 AD2d at 333).
Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, with costs.



Footnotes

Footnote 1: The tractor trailer was owned by defendant Success Leasing, Inc.

Footnote 2: Brian Caruso was originally named as a defendant in this action; however, he died during the pendency thereof and the action was subsequently discontinued against him. The action continued against Vincent Caruso on the theory of vicarious liability.

Footnote 3: Although it is generally inappropriate for a law enforcement officer to offer testimony indicating that a defendant was not issued a traffic citation in connection with an accident in an attempt to demonstrate the absence of negligence on his or her part (see generally LaPenta v Loca-Bik Ltee Transp., 238 AD2d 913, 913-914 [1997]), the trooper's testimony in this regard was adduced in response to questioning by plaintiffs' counsel.