(January 11, 1990)

■ Sandra Blake, as Mother of Franklyn Blake, an Infant, Respondent, v City of New York, Appellant.—Judg-

ment, Supreme Court, Bronx County (Alan P. Saks, J.), entered March 31, 1988, awarding plaintiff damages in the amount of $2,400,000, is affirmed, without costs.

The dissent would reverse the judgment and direct a new trial because of the admission of certain hearsay testimony. If it was indeed error to admit this testimony, defendant does not make a separate point of it in its brief, and to the extent the testimony is discussed, it is only in the context of the use made of it by plaintiff's attorney in his summation. The argument is that because the attorney vouched for the credibility of the witness, the jury may have taken her testimony to be "proof positive" of a promise of police protection rather than merely evidence of plaintiff's state of mind, i.e., belief that such a promise had been made, the limited purpose for which it was admitted. (We would note that plaintiff's reliance on such a promise was an essential element of her cause of action [Cuffy v City of New York, 69 NY2d 255], and thus this testimony would seem to have been admissible under the state of mind exception to the hearsay rule.) However, because defendant did not object to these remarks at the time they were made, if they were indeed beyond fair comment, the little prejudice caused thereby may not be reviewed on appeal (CPLR 4017). Concur—Murphy, P. J., Kupferman, Kassal and Wallach, JJ.

Smith, J., dissents in a memorandum as follows: The judgment should be reversed and a new trial ordered because of the admission of prejudicial hearsay testimony.

This is an action for damages resulting when the infant plaintiff, Franklyn Blake, then 2½ years of age, was severely burned following a fire in his apartment at approximately 3:00 A.M. on May 25, 1982. It was the contention of plaintiff Franklyn Blake and his mother plaintiff Sandra Blake that the city had failed to provide protection following its promise to do so.

There was testimony that the cause of the fire was an inflammable liquid intentionally placed outside of the bedroom window. There was no evidence as to how the liquid got there. However, there was testimony that the plaintiff Sandra Blake and a co-worker had an ongoing dispute which at one time led to a physical fight. Said plaintiff also described problems or disputes with several men. There was no evidence that any of these persons placed the liquid outside of the window. Vanessa Williams, the co-worker with whom plaintiff Sandra Blake had a serious dispute, denied involvement.

In order to succeed in this lawsuit, plaintiff must establish a "special relationship" between her and her son, on the one hand, and the police on the other. The elements of the special relationship are (1) an assumption by the municipality, through words or action, of an affirmative duty to protect plaintiffs, (2) knowledge by the municipality that a failure to act could lead to harm, (3) direct contact between the agents of the municipality and the injured party and (4) justifiable reliance by the plaintiffs on the affirmative undertaking of the municipality. *(Cuffy v City of New York,* 69 NY2d 255, 260 [1987].)

Whether or not a special relationship was established here depends completely on the credibility of the witnesses. Plaintiff testified that the police had promised to protect her on three separate occasions prior to the May 25, 1982 fire. The first time occurred following an incident on May 20, 1982 when the front door of the three-story building where she lived in The Bronx had been set on fire and a hole burned in it. Plaintiff stated that one police officer in uniform and one in plain clothes visited her and told her not to worry, they would protect her. They had written down the name of Detective Sklenarik whom she telephoned and told of problems with Vanessa Williams. He, too, told her not to worry and that she had police protection.

Plaintiff Sandra Blake testified that on Sunday May 23, 1982 at about 7:00 A.M., she found that her kitchen windows were black and that a bottle was on each side of the window. Two uniformed officers took the bottles away around 10:00 A.M. Two officers not in uniform arrived that afternoon and told her she would be protected by the police. On May 24, 1982 Lieutenant Lopez came to her house and told her the building would be put under immediate surveillance.

All of the police officers who testified denied making any promises to plaintiff Sandra Blake. In fact, Lieutenant Lopez, who was in charge of the Bronx Arson and Explosion Unit, and who was the only officer who could order surveillance, testified that he had never been to the home of Sandra Blake but had spoken with her on the telephone. He denied telling her that her building would be placed under immediate surveillance.

The trial court, over objection, improperly permitted a neighbor and baby-sitter of the plaintiffs, Gladys Gourdine, to testify that plaintiff Sandra Blake had told her that the police would protect her and her child and, more specifically, that on

May 24 a police lieutenant promised Sandra Blake that immediate surveillance would be instituted. This was hearsay and improperly bolstered the plaintiff's testimony about police protection. It was particularly prejudicial given the different testimony of the plaintiff and the police. Moreover, while the city's brief indicates that the testimony was admitted only to show plaintiff's state of mind, the record does not support this version and no limiting instructions were given by the court. The city contends that the testimony was prejudicial because plaintiff emphasized it in summation without referring to its admission only as to plaintiff's state of mind. Plaintiff argues that there was no objection on summation. The argument is untenable since the evidence was already admitted and there was no basis for defendant to object to a reference to it in summation.

While other errors are claimed by defendant, such as comments by the plaintiff's attorney in summation attesting to the trustworthiness of his case and the refusal of the court to grant defendant's request that the jury be instructed that a police officer was under no obligation to keep scratch paper with notes, and while these claims may have merit, it is the prejudicial nature of the hearsay testimony which requires reversal.

Contrary to the statement by the majority that the defendant makes no major issue of the hearsay testimony in its brief, the defendant contends that the admission of the hearsay testimony was prejudicial and is grounds for reversal. Defendant's argument included the following: "Use of hearsay testimony to bolster Sandra's testimony that the police in fact made such statements to her was highly prejudicial. For counsel on summation to stress incompetent evidence is trial error warranting reversal. *O'Connor v. Incorporated Village of Port Jefferson*, 104 A.D.2d 861, 863 (2d Dep't. 1984)."

Defendant protested vigorously when this hearsay evidence was admitted at the trial. Under CPLR 4017, this is all that it was required to do to preserve its contention for appellate review.