■ PIERRE JULMIS, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent, et al., Defendant. [598 NYS2d 312] —In an action to recover damages for personal injuries, the defendant City of New York appeals from so much of a judgment of the Supreme Court, Kings County (Ramirez, J.), entered July 19, 1990, as, upon a jury verdict, and a determination by the court that the jury's verdict as to damages was excessive, found it 80% at fault for the plaintiff's injuries and is in favor of the plaintiff and against it in the principal sum of $4,728,800 ($85,800 for past loss of earnings, $468,000 for future loss of earnings, $175,000 for medical expenses, $2,000,000 for past conscious pain and suffering, and $2,000,000 for future conscious pain and suffering); and the plaintiff cross-appeals from the judgment on the ground of inadequacy.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff to $728,800, representing damages for past and future loss of earnings, and for medical expenses, and adding thereto a provision severing the plaintiff's claim for conscious pain and suffering, and granting a new trial with respect thereto, unless the plaintiff shall serve and file with the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the award for damages for past conscious pain and suffering from the principal sum of $2,000,000 to the principal sum of $1,000,000, and the award for future conscious pain and suffering from the principal sum of $2,000,000 to the principal sum of $1,000,000, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the plaintiff's time to serve and file a stipulation is extended until 30 days after service upon him of a copy of this decision and order, with

notice of entry. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff was injured when he was assaulted by an off-duty police officer, the defendant Nathaniel Newson. Following a minor traffic accident, Newson approached the plaintiff's taxi cab screaming at him and waving his arms wildly. A patrol car arrived shortly thereafter and two uniformed police officers approached a visibly angry Newson. The terrified plaintiff asked the uniformed officers to protect him from Newson and the officers assured him that they would not permit any harm to come to him. However, when Newson grabbed the plaintiff and struck him three times on the left side of his face, they stood idly by and failed to intervene.

As a general rule, a municipality may not be held liable for injuries for a failure to provide police protection, since a municipality's duty to provide police protection is ordinarily one owed to the public at large and not to any particular individual or class of individuals. There exists, however, a narrow exception to this rule where a "special relationship" exists between the municipality and the claimant. The elements of this special relationship are: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured, (2) knowledge on the part of the municipality that inaction could lead to harm, (3) some form of direct contact between the municipality's agents and the injured party, and (4) that party's justifiable reliance on the municipality's affirmative undertaking *(see, Cuffy v City of New York,* 69 NY2d 255, 260-261, *mot to amend remittitur dismissed* 70 NY2d 667). Upon our review of the facts herein, we find that the plaintiff successfully established that a special relationship existed which permits him to bring this action against the defendant City.

The respective negligence of the parties is a factual question for the jury *(see, Perla v New York Daily News,* 123 AD2d 349). For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence, it must appear that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Harvey v Mazal Am. Partners,* 179 AD2d 1; *Policastro v Savarese,* 171 AD2d 849). While the defendant Newson was the tortfeasor who actually committed the assault, the jury's

finding that the City was 80% at fault for the failure of its agents, two uniformed police officers, to adhere to their promises of protection and their failure to interrupt Newson's brutal and unnecessary assault of the plaintiff was supported by legally sufficient evidence. Further, we find that the verdict was not against the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129).

While the plaintiff concededly suffered serious injuries, we find that the $4,000,000 award for past and future conscious pain and suffering deviates materially from what would be deemed reasonable compensation and should be reduced as indicated herein.

We have reviewed the City's remaining contentions and find them to be without merit. Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.