■ JOYCE DINGLE, Respondent-Appellant, v PATRICIA H. VIRGA, Appellant-Respondent, and DONALD C. HARMON et al., Respondents. [600 NYS2d 474] —In a negligence action to recover damages for personal injuries, (1) the defendant Patricia H. Virga appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered July 27, 1990, which, upon a jury verdict finding her to be 100% at fault in the happening of the accident, is in favor of the plaintiff and against her in the principal sum of $529,705.72, and (2) the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as found the defendants Donald C. Harmon, Liberty Lines, Inc., County of Westchester, and Westchester County Department of Transportation to be free from fault in the happening of the accident.

Ordered that the judgment is modified, on the law, by reducing the damages awarded by a total of $18,328.80, representing $14,328.80 in additional no-fault benefits received by the plaintiff since the time of trial, and $4,000 awarded for future custodial care and household expenses; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment.

The plaintiff claims that she was injured when the bus in which she was a passenger narrowly avoided a collision with an automobile operated by the defendant Patricia H. Virga on May 14, 1987. The bus allegedly was owned by the defendant County of Westchester and was operated by the defendant Donald C. Harmon, an employee of the defendant Liberty Lines, Inc., pursuant to an agreement with the defendant Westchester County Department of Transportation.

Contrary to the contention of the plaintiff and the defendant Virga, the jury's verdict finding the defendant Virga to

be 100% at fault in the happening of the accident and finding the remaining defendants to be free from fault should not be set aside as against the weight of the evidence, inasmuch as a fair interpretation of the record could lead to the conclusion that those defendants were not negligent *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129; *Arzt v Arzt,* 193 AD2d 572).

The court properly charged the jury on the statutory obligation of Vehicle and Traffic Law § 1180 (a) requiring a bus driver to drive the bus at a speed reasonable and prudent under the existing conditions. The court did not have to give a separate charge under Vehicle and Traffic Law § 1180 (e) *(see, Bagnato v Romano,* 179 AD2d 713; *Loebig v Larucci,* 572 F2d 81).

Furthermore, we find the present challenges to certain of the trial court's evidentiary rulings and other jury instructions to be largely without merit. In any event, to the limited extent that the court may have committed error in these matters, we conclude that any such error was harmless under the circumstances of this case.

However, the award of damages must be modified. Indeed, the parties agree that the award should be reduced by the sum of $14,328.80, which represents the amount of no-fault benefits paid to the plaintiff since the trial. Moreover, as to damages, we find that the award of $4,000 for future custodial care and household expenses is without support in the record, and is too speculative to be sustained *(see, Kinch v Adams,* 46 AD2d 467, *affd* 38 NY2d 792). Hence, we have modified the judgment accordingly.

We have considered the remaining contentions of the plaintiff and the defendant Virga and find them to be without merit. Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.