■ ROCKY VELEZ, an Infant, by His Mother and Natural Guardian, DEBBIE VELEZ, et al., Respondents, v WILLIAM J. CULLINAN, Appellant. [674 NYS2d 428] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated June 10, 1997, which, after a jury trial on the issue of liability, granted the plaintiffs' motion to set aside the verdict in favor of the defendant and directed a new trial.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment dismissing the complaint.

This negligence action stems from an accident which occurred on September 12, 1994, when the infant plaintiff was struck by a motor vehicle while he was attempting to cross North Conduit Boulevard in Queens. After a trial on the issue of liability, the jury rendered a verdict in favor of the defendant. Thereafter, the Supreme Court granted the plaintiff's motion to set aside the verdict as against the weight of the evidence. We disagree, and reverse.

"It is well settled that a verdict * * * should not be set aside unless the evidence preponderates so heavily in the plaintiffs' favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Keegan v Prout,* 215 AD2d 629, 630; *see also, Nicastro v Park,* 113 AD2d 129, 134). The credibility of the witnesses, the accuracy of their testimony, whether contradicted or not, present clear issues of fact to be resolved by the jury (*see, Sorokin v Food Fair Stores,* 51 AD2d 592, 593).

The jury could have reasonably credited the defendant's ver-

sion of the accident that he saw the infant plaintiff dribbling a basketball at the same time as the infant plaintiff was crossing the street at a point other than a marked or unmarked crosswalk, and that although the defendant attempted to stop as soon as he saw the infant plaintiff a little more than one car length away, the accident was solely caused by the infant plaintiff's failure to yield the right-of-way in violation of Vehicle and Traffic Law § 1152 (a). Because the jury's verdict was supported by a fair interpretation of the evidence, it should not have been disturbed (*see, Nicastro v Park, supra,* at 134). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.