■ ROSITA M. SCHISKIE, Appellant, v BARBARA L. FERNAN, Respondent. [716 NYS2d 702] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (LaCava, J.), entered July 23, 1999, which, upon a jury verdict finding her to be 100% at fault in the happening of the accident, and upon the denial of her motion pursuant to CPLR 4404 to set aside the verdict, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

A verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that it could not have been reached upon any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129). Contrary to the plaintiff's contention, the Supreme Court properly denied her motion to set aside the verdict, since it could have been reached on a fair interpretation of the evidence. A vehicle approaching an intersection must yield the right-of-way to a vehicle already in the intersection. Even where, as here, a driver has a green light in his or her favor, he or she must exercise reasonable care to avoid a collision with another vehicle in the intersection (*see,* Vehicle and Traffic Law § 1111 [a] [1]; *see also, Redcross v State of New York,* 241 AD2d 787, 790-791). Under the circumstances of this case, it was reasonable for the jury to conclude that the plaintiff's conduct in proceeding into the intersection after the light turned green but while her view of traffic was completely obstructed was the sole proximate cause of the accident (*see, Redcross v State of New York, supra*).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Altman, Luciano and Smith, JJ., concur.