■ DENNIS GONZALEZ et al., Appellants, v LOK K. CHENG et al., Respondents. [731 NYS2d 887] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Gavrin, J.), dated June 13, 2000, which denied their posttrial motion, *inter alia,* pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants and against them on the ground that it was against the weight of the evidence, and (2) a judgment of the same court, entered November 24, 2000, which, upon the jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the plaintiffs' contention, the jury verdict was not against the weight of the evidence (*see,* CPLR 4404 [a]). In reviewing the record to ascertain whether the verdict was a fair reflection of the evidence, great deference must be accorded to the fact-finding function of the jury, as it was in the foremost position to assess witness credibility (*see, Teneriello v Travelers Cos.,* 264 AD2d 772; *Salazar v Fisher,* 147 AD2d 470).

Given the medical testimony that the infant plaintiff's injuries were not caused by lead poisoning, the jury's determination was not against the weight of the evidence. Although the medical evidence furnished by the plaintiffs was inconsistent and contrary to the medical evidence furnished by the defendants, the credibility of the witnesses, and the accuracy of their testimony, whether contradicted or not, presented clear issues of fact to be resolved by the jury (*see, Velez v Cullinan,* 251 AD2d 496).

With respect to the plaintiffs' contention concerning several comments made by defense counsel during summation, the plaintiffs failed to object to those comments, and therefore failed to preserve their claims of error for appellate review (*see, Koplick v Lieberman,* 270 AD2d 460; *Heberer v Nassau Hosp.,* 119 AD2d 729). In any event, when read in context, the comments were within the bounds of the wide latitude allowed to counsel during summation (*see, Califano v City of New York,* 212 AD2d 146).

The appellants' remaining contentions are without merit. Krausman, J. P., McGinity, H. Miller and Smith, JJ., concur.