■ ROBERT HOTHAN, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Appellants. (And Other Titles.) [734 NYS2d 632] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated April 24, 2000, as, upon a jury verdict awarding the plaintiff, *inter alia,* $1,347,500 for future lost earnings and nothing for future pain and suffering, denied their motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and granted plaintiff's

cross motion to increase the award to the extent of ordering a new trial on the issue of damages for future pain and suffering only, unless they stipulated to increase the verdict for future pain and suffering to the sum of $150,000, and upon reargument, adhered to the original determination denying their motion for a collateral source offset of future damages pursuant to CPLR 4545 (c).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff police officer was injured when his patrol car struck a bus as he was responding to a radio call. Upon finding that the bus driver was at fault in the happening of the accident, a jury awarded, *inter alia*, $1,347,500 for future lost earnings and nothing for future pain and suffering. In posttrial motions, both sides argued that the verdict awarding damages for future lost earnings but nothing for future pain and suffering was inconsistent and against the weight of the evidence. The Supreme Court properly set aside that part of the verdict which failed to award damages for future pain and suffering. Evidence of the plaintiff's permanent injury was uncontroverted, and there is no reasonable interpretation of the evidence to support the jury's determination that the plaintiff is not entitled to damages for future pain and suffering (*see, Nicastro v Park,* 113 AD2d 129, 133; *Barker v Bice,* 87 AD2d 908).

The Supreme Court also properly rejected the defendants' argument that the case was governed by CPLR 4545 (c), and instead applied CPLR 4545 (b) to deny their request for a collateral source offset of future damages. Pursuant to the indemnification provisions of General Municipal Law § 50-b, the defendant bus company is deemed an employee of the County and is entitled to indemnification therefrom (*see, Coleman v Westchester St. Transp. Co.,* 57 NY2d 734). As this was an action "against a public employer or a public employee who is subject to indemnification by a public employer with respect to such action * * * for personal injury or wrongful death arising out of an injury sustained by a public employee while acting within the scope of his public employment or duties" CPLR 4545 (b) controls. The statute, which is in contravention of the common law and must therefore be construed as narrowly as possible, does not require that there be an employee-employer relationship between the parties (*see,* CPLR 4545 [b]; *Iazzetti v City of New York,* 94 NY2d 183; *Oden v Chemung County Indus. Dev. Agency,* 87 NY2d 81, 86).

The defendants' remaining contentions are either not

properly before this Court or without merit. O'Brien, J. P., Florio, Schmidt and Townes, JJ., concur.