■ JAMES KALPAKIS, Appellant, v COUNTY OF NASSAU, Respondent, et al., Defendants. [735 NYS2d 427] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered November 15, 2000, which, upon a jury verdict, dismissed the complaint insofar as asserted against the defendant County of Nassau.

Ordered that the judgment is affirmed, with costs.

We reject the plaintiff's contention that the jury verdict in

favor of the defendant County of Nassau finding that the plaintiff did not sustain a serious injury in the subject accident (*see,* Insurance Law § 5102 [d]), should be set aside as against the weight of the evidence. "A verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that it could not have been reached on any fair interpretation of the evidence" (*Schiskie v Fernan,* 277 AD2d 441; *see, Nicastro v Park,* 113 AD2d 129). "In reviewing the record to ascertain whether the verdict was a fair reflection of the evidence, great deference is accorded to the fact-finding function of the jury, as it is in the foremost position to assess witness credibility" (*Teneriello v Travelers Cos.,* 264 AD2d 772, 773; *see, Gonzalez v Lok K. Cheng,* 287 AD2d 595; *Accetta v City of New York,* 287 AD2d 527). In the instant case, the jury was presented with conflicting expert medical opinions, and we refuse to disturb its resolution of the issue of credibility with respect thereto (*see, Moreno v Chemtob,* 271 AD2d 585; *Zapata v Dagostino,* 265 AD2d 324; *Gray v McParland,* 255 AD2d 359). Ritter, J. P., Friedmann, Feuerstein and Crane, JJ., concur.