STEPHEN EVERS, Appellant, v RICHARD CARROLL, JR., et al., Respondents. [794 NYS2d 398]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Williams, J.H.O.), dated October 31, 2002, which, upon a jury verdict finding him 83% at fault and the defendant 17% at fault in the happening of the accident, and awarding him damages in the sum of $250,000 for past pain and suffering and $0 for future pain and suffering, denied that branch of his motion which was pursuant to CPLR 4404 (a) to set aside the verdict on the issues of liability and damages as against the weight of the evidence and for a new trial, and is in favor of him and against the defendants in the principal sum of only $42,500 (17% of $250,000).

Ordered that the judgment is modified, on the law, by deleting the provisions thereof awarding the plaintiff damages in the sum of $0 for future pain and suffering and denying that branch of the motion which was pursuant to CPLR 4404 (a) to set aside the verdict on the issues of liability and damages as against the weight of the evidence and for a new trial on those damages and substituting therefor a provision granting that branch of the motion; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Orange County for a new trial on the issue of damages for future pain and suffering.

Contrary to the plaintiff's contention, the trial court properly allowed the police officer who responded to the accident scene to testify about his observations, and offer his opinion as to the point of impact. The subject matter of the officer's testimony was within the ordinary expertise of a police officer who routinely responds to motor vehicle accidents (*see Almestica v Colon,* 304 AD2d 508 [2003]; *Schwartz v Rosenthal,* 244 AD2d 325 [1997]; *Kapinos v Alvarado,* 143 AD2d 332 [1988]).

Furthermore, the trial court properly admitted a report made by the paramedic who treated the plaintiff at the accident scene. Since the plaintiff's attorney consented to the admission of this report, the plaintiff waived his right to object to its admissibility (*see generally Mitchell v New York Hosp.,* 61 NY2d 208, 214 [1984]). Moreover, since the report indicated that the plaintiff informed the paramedic that when he was involved in the motor vehicle accident, he was driving 45 miles per hour, and he conceded having seen a warning sign reducing the speed limit to 20 miles per hour, the Supreme Court properly charged the jury on the statutory obligation of Vehicle and Traffic Law § 1180 (a) (*see Dingle v Virga,* 195 AD2d 538 [1993]).

We also reject the plaintiff's claim that the jury's apportionment of fault was against the weight of the evidence. "A verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that it could not have been reached upon any fair interpretation of the evidence" (*Schiskie v Fernan,* 277 AD2d 441 [2000]; *see Kalpakis v County of Nassau,* 289 AD2d 453 [2001]; *Nicastro v Park,* 113 AD2d 129 [1985]). "In reviewing the record to ascertain whether the verdict was a fair reflection of the evidence, great deference is accorded to the fact-finding function of the jury, as it is in the foremost position to assess witness credibility" (*Teneriello v Travelers Cos.,* 264 AD2d 772, 772-773 [1999]; *see Turner v Sixtieth St. Automotive Serv. Corp.,* 299 AD2d 477 [2002]; *Kalpakis v County of Nassau, supra*). Here, the jury was presented with sharply conflicting evidence as to the cause of the accident, and its determination that the plaintiff was primarily at fault, which was based upon resolution of credibility issues, was supported by a fair interpretation of the evidence.

With respect to damages, however, we find that the jury verdict as to damages in the sum of $0 for future pain and suffering was contrary to a fair interpretation of the evidence. Although there was divergent expert testimony regarding the extent to which the range of motion in the plaintiff's right knee was limited, the defendants' expert conceded that the plaintiff would no longer be able to run or squat, and that some of the injuries from the accident would be permanent. Furthermore, the plaintiff presented uncontradicted evidence that the damage to his nose could not be fully corrected despite many attempts to restore its appearance, that he had suffered nerve damage in his jaw, and that he had lost many teeth as a result of the accident. Accordingly, there was no fair interpretation of the evidence upon which the jury could have concluded that the plaintiff was not entitled to any damages for future pain and suffering (*see Roseingrave v Massapequa Gen. Hosp.,* 298 AD2d 377 [2002]; *Hothan v Metropolitan Suburban Bus Auth.,* 289 AD2d 448 [2001]; *Simeon v Urrey,* 278 AD2d 624 [2000]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to set aside the verdict and for a new trial on the issue of damages for future pain and suffering. Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.