■ ANNA TAINO, Respondent, v CITY OF YONKERS et al., Appellants, et al., Defendant. [840 NYS2d 419]—

In an action to recover damages for personal injuries and

wrongful death, the defendants City of Yonkers and City of Yonkers Police Department appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered April 27, 2005, as amended by a so-ordered stipulation dated February 1, 2006, as, upon a jury verdict finding them 20% at fault in the happening of the incident, the defendant Clunie Bernard 67% at fault, and the plaintiff's decedent 13% at fault, and awarding the plaintiff damages in the principal sums of $750,000 for the decedent's pain and suffering and $270,000 for economic loss, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence or, in the alternative, to dismiss the complaint, is in favor of the plaintiff and against them in the principal sum of $384,900.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"Generally, a municipality may not be held liable for the failure to provide police protection because the duty to provide such protection is owed to the public at large, rather than to any particular individual" (*Conde v City of New York,* 24 AD3d 595, 596 [2005]; *see Cuffy v City of New York,* 69 NY2d 255, 260 [1987]). "A narrow exception to the rule exists where a special relationship exists between the municipality and the injured parties" (*Conde v City of New York, supra* at 596; *see Cuffy v City of New York, supra* at 260). "The elements of a special relationship are (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured, (2) knowledge on the part of the municipality's agents that inaction could lead to harm, (3) some form of direct contact between the municipality's agents and the injured party, and (4) the injured party's justifiable reliance on the municipality's affirmative undertaking" (*Conde v City of New York, supra* at 596; *see Cuffy v City of New York, supra* at 260). "That the decedent died in the accident and is thus unable to describe the events in question reduces the plaintiff's burden of proof (*see Noseworthy v City of New York,* 298 NY 76 [1948]; *Jose v Richards,* 307 AD2d 279 [2003]), but it does not relieve [plaintiff] of the obligation to provide some proof from which negligence can reasonably be inferred" (*Dubi v Jericho Fire Dist.,* 22 AD3d 631, 632 [2005]; *see Calderon v City of New York,* 13 AD3d 569, 570 [2004]).

"For a court to conclude that a jury verdict is unsupported by sufficient evidence as a matter of law, there must be no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury

on the basis of the evidence presented at trial" (*Abenante v Star Gas Corp.*, 13 AD3d 405, 405 [2004] [internal quotation marks omitted]; *see Nicastro v Park*, 113 AD2d 129, 132 [1985]; *see also Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Moreover, "CPLR 4404 (a) provides that a jury verdict should be set aside as against the weight of the evidence only where it could not have been reached upon a fair interpretation of the evidence" (*Romito v Panzarino*, 11 AD3d 444, 444 [2004]; *see Evers v Carroll*, 17 AD3d 629, 631 [2005]; *Evans v St. Mary's Hosp. of Brooklyn*, 1 AD3d 314, 315 [2003]; *Schiskie v Fernan*, 277 AD2d 441 [2000]; *Nicastro v Park, supra* at 134).

Here, the jury's verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see Julmis v City of New York*, 194 AD2d 522, 523-524 [1993]; *see also Nicastro v Park, supra*). Based on the proof presented, the jury could reasonably conclude that the decedent justifiably relied on the defendant police department's representation that a patrol car was en route to protect him from his assailant (*cf. Taebi v Suffolk County Police Dept.*, 31 AD3d 531 [2006]). Contrary to the municipal defendants' contention, the trial court did not err in admitting the plaintiff's testimony concerning statements the decedent made to her regarding his communications with the defendant police department, as this testimony was admitted not for its truth, but rather as relevant to the decedent's state of mind at the time the statements were made (*see Blake v City of New York*, 157 AD2d 482, 483 [1990]; *see generally People v Reynoso*, 73 NY2d 816, 819 [1988]).

The municipal defendants' remaining contentions are without merit. Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.