■ Kennedy Brown, Appellant, v City of New York, Respondent, et al., Defendants. [962 NYS2d 132]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered November 21, 2011, which, in this personal injury action, denied plaintiff's motion to vacate the dismissal of the action and restore it to the trial calendar, unanimously reversed, on the law, without costs, and the motion granted.

The court had dismissed the action based upon plaintiff's failure to appear for trial on its second scheduled date (Uniform Rules for Trial Cts [22 NYCRR] § 202.27 [b]).

The court improvidently exercised its discretion in denying plaintiff's motion to vacate the dismissal. Plaintiff provided a reasonable excuse for his failure to appear for trial—namely, that he was incarcerated (*see Jackson v New York City Auth.*, 259 AD2d 383 [1st Dept 1999]). Further, plaintiff's prior successful defense of defendant's summary judgment motion demonstrated merit to this action (*see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 293 AD2d 324, 325 [1st Dept 2002]). Defendant's claim of prejudice, based upon conclusory and unsupported assertions that unidentified witnesses have become unavailable, is unavailing (*see Plaza v New York Health & Hosps. Corp. [Jacobi Med. Ctr.]*, 97 AD3d 466, 471 [1st Dept 2012]).

Given the foregoing determination, we need not reach plaintiff's argument regarding the propriety of the court so-ordering the dismissal transcript of the Judicial Hearing Officer, after plaintiff filed his motion, and after the court previously refused to so-order it. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Feinman and Clark, JJ.