(March 26, 2014)

■ Diane Abbatantuono et al., Respondents, v Susan K. Boolbol, M.D., et al., Appellants. [982 NYS2d 522]—

In an action to recover damages for medical malpractice, etc., the defendants appeal from (1) an order of the Supreme Court, Richmond County (Maltese, J.), dated August 16, 2012, which denied their motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the plaintiffs and against them on the issue of damages for past pain and suffering as contrary to the weight of the evidence and for judgment as a matter of law, and granted that branch of the plaintiffs' motion pursuant to CPLR 4404 which was to set aside the jury verdict on the issue of damages for future pain and suffering as contrary to the weight of the evidence and for a new trial on that issue, and (2) an interlocu-

tory judgment of the same court dated October 10, 2012, which, upon the jury verdict and the order, is in favor of the plaintiffs and against them on the issue of past pain and suffering in the principal sum of $500,000.

Ordered that the order and the interlocutory judgment are affirmed, with one bill of costs.

The defendants' contention that the Supreme Court improperly denied their motion to set aside the jury verdict in favor of the plaintiffs and against them on the issue of damages for past pain and suffering as contrary to the weight of the evidence and for judgment as a matter of law is without merit. Viewing the evidence in the light most favorable to the plaintiffs (*see Cucuzza v New York City Tr. Auth.*, 251 AD2d 445 [1998]), a valid line of reasoning exists by which a rational jury could have concluded that the defendant Susan K. Boolbol departed from good and accepted standards of medical care by, among other things, not informing the injured plaintiff that she needed chemotherapy, and that this departure diminished the injured plaintiff's chance of a better outcome or increased her injury (*see Goldberg v Horowitz*, 73 AD3d 691, 694 [2010]; *Jump v Facelle*, 275 AD2d 345 [2000]; *Stewart v New York City Health & Hosps. Corp.*, 207 AD2d 703 [1994]). Moreover, the jury verdict in favor of the plaintiffs was not contrary to the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]).

The Supreme Court also properly granted that branch of the plaintiffs' motion which was to set aside the jury verdict on the issue of damages for future pain and suffering as contrary to the weight of the evidence and for a new trial on that issue. It is undisputed that the injured plaintiff now suffers from stage IV breast cancer. Moreover, the injured plaintiff's testimony regarding her ongoing breathing difficulties resulting from the lobectomy she underwent to remove a portion of her lung was uncontradicted. As such, there is no reasonable interpretation of the evidence to support the jury's determination that the injured plaintiff was not entitled to damages for future pain and suffering (*see Nicastro v Park*, 113 AD2d at 133; *see also Hothan v Metropolitan Suburban Bus Auth.*, 289 AD2d 448 [2001]).

The defendants' remaining contention is without merit. Mastro, J.P., Dillon, Leventhal and Duffy, JJ., concur.