Sence v Atoynatan (2016 NY Slip Op 05803)





Sence v Atoynatan


2016 NY Slip Op 05803


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2015-02696
 (Index No. 3172/08)

[*1]Jaelin Sence, etc., et al., respondents-appellants,
v
Ioanis Atoynatan, etc., et al., defendants, New York Methodist Hospital, appellant-respondent.


Aaronson Rappaport Feinstein & Deutsch LLP (Kaufman Borgeest & Ryan, LLP, Valhalla, NY [Edward J. Guardaro, Jr.], of counsel), for appellant-respondent.
Kramer, Dillof, Livingston & Moore, New York, NY (Thomas A. Moore, Matthew Gaier, and John Cagney of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant New York Methodist Hospital appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Spodek, J.), dated February 2, 2014, as, upon a jury verdict on the issue of liability finding it 75% at fault in the causation of the infant plaintiff's injuries and the defendant Ioanis Atoynatan 25% at fault, upon a jury verdict on the issue of damages finding that the infant plaintiff sustained damages in the principal sums of $4,000,000 for past pain and suffering, $7,015,000 for 61 years for future pain and suffering, and $35,000 per year for 39 years for future lost earnings, starting in the year 2029, applying a 3.275% growth rate until 2029, and applying a 4.3% growth rate for the 39 years thereafter, and upon the denial of its motion pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiffs and against it, and the plaintiffs cross-appeal from the same judgment.
ORDERED that the plaintiffs' cross appeal is dismissed, as the plaintiffs are not aggrieved by the judgment (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof awarding damages for past pain and suffering in the principal sum of $4,000,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past pain and suffering, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the amount of damages for past pain and suffering from the principal sum of $4,000,000 to the principal sum of $2,000,000, and to the entry of an amended judgment accordingly, which amended judgment shall provide that from the date on which the defendant New York Methodist Hospital deposited the sum of $7,500,000 into court pursuant to an order of the Supreme Court, Kings County, dated September 24, 2014, the accrual of interest shall be on a sum equal to the principal sum awarded less the $7,500,000 on deposit; in the event that the plaintiffs so stipulate, the judgment, as so reduced, modified, and [*2]amended, is affirmed insofar as appealed from, without costs or disbursements; in the event that the plaintiffs do not so stipulate, an amended judgment shall be entered following the new trial on the issue of damages for past pain and suffering, which amended judgment shall provide that from the date on which the defendant New York Methodist Hospital deposited the sum of $7,500,000 into court pursuant to an order of the Supreme Court, Kings County, dated September 24, 2014, the accrual of interest shall be on a sum equal to the principal sum awarded less the $7,500,000 on deposit.
The plaintiffs commenced this action to recover damages for medical malpractice alleging, inter alia, that the defendants failed to properly examine, diagnose, and treat the infant plaintiff, Jaelin Sence, who was suffering from jaundice secondary to an increasing bilirubin level during the infant plaintiff's two-day stay at the defendant New York Methodist Hospital (hereinafter NYMH) from July 5, 2007, to July 6, 2007, which caused permanent and severe brain damage. According to the trial testimony of the plaintiff Myrtho Sence, the infant plaintiff's mother, she observed a yellowness in the infant plaintiff's eyes within 24 hours of his birth and reported this to a nurse. The following day, when she observed that the yellowness was still present, she requested that the infant plaintiff be examined by a doctor. Myrtho Sence testified that she was assured by the nurse that the yellowness would resolve and that she should not worry. The infant plaintiff was discharged less than 48 hours after his birth with instructions to follow up with the codefendant Ioanis Atoynatan, a physician, in one week. According to NYMH's polices and procedures, an infant who is discharged less than 48 hours after birth must be seen by a private medical doctor within 24 hours. Over the course of the next several days after discharge, the infant plaintiff became progressively more ill and ultimately had to be rushed to Kings County Hospital, where he remained from July 10, 2007, until July 20, 2007. The infant plaintiff was diagnosed with severe brain damage secondary to hyperbilirubinemia.
A jury trial resulted in a verdict in the plaintiffs' favor and damages were awarded totaling approximately $25,000,000, which sum was adjusted by the Supreme Court pursuant to Public Health Law § 2999-j(6)(b) and (14) to the total present value sum of $13,815,290. The jury apportioned 75% of the fault to NYMH and 25% to Atoynatan. NYMH moved pursuant to CPLR 4404(a) to set aside the verdict and judgment as a matter of law, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, but the motion was denied.
After the trial, NYMH moved pursuant to CPLR 2601, inter alia, for leave to deposit $7,500,000, the limits of its insurance policy, into court, in order to stop the accrual of interest on that amount. In an order dated September 24, 2914, the Supreme Court granted the motion. A judgment was thereafter entered which included the accrual of interest on the entire judgment, without taking into account that NYMH had deposited $7,500,000 into court in order to stop the accrual of interest on that amount. NYMH appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). "Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause, unless the matter is one which is within the experience and observation of the ordinary juror" (Prete v Rafla-Demetrious, 224 AD2d 674, 675-676; see Koehler v Schwartz, 48 NY2d 807).
The evidence presented at trial was legally sufficient to support the conclusion that NYMH departed from good and accepted medical practice in failing to properly examine the infant plaintiff, in failing to report that the mother observed yellowness in the infant plaintiff's eyes to the attending pediatrician within the first 24 hours of life and thereafter, and in failing, in light of the discharge of the infant plaintiff before 48 hours of life, to instruct the mother that the infant plaintiff must be seen by a physician within 24 hours of his discharge.
"Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" [*3](Fekry v New York City Tr. Auth., 75 AD3d 616, 617). "To set aside a jury verdict as contrary to the weight of the evidence, the movant must establish that the jury could not have reached the verdict on any fair interpretation of the evidence" (Saber v 69th Tenants Corp., 107 AD3d 873, 875). "It is for the trier of fact to make determinations as to the credibility of the witnesses, and great deference is accorded to the factfinders, who had the opportunity to see and hear the witnesses" (Fekry v New York City Tr. Auth., 75 AD3d at 617; see Yanyak v Rosenman, 134 AD3d 817, 819).
Here, the Supreme Court properly denied that branch of NYMH's motion which was to set aside the verdict as contrary to the weight of the evidence and for a new trial. A fair interpretation of the evidence supported the jury's determination that NYMH departed from good and accepted medical practice in its care and treatment of the infant plaintiff and that such departure was a proximate cause of the infant plaintiff's injuries (see generally Kalpakis v County of Nassau, 289 AD2d 453, 454).
We also reject NYMH's contention that the jury's apportionment of fault was contrary to the weight of the evidence. "In reviewing the record to ascertain whether the verdict was a fair reflection of the evidence, great deference is accorded to the fact-finding function of the jury, as it is in the foremost position to assess witness credibility" (Evers v Carroll, 17 AD3d 629, 631 [internal quotation marks omitted]). Here, the jury was presented with sharply conflicting evidence as to alleged departures and causation, and its determination that NYMH's staff was primarily at fault, which was based upon a resolution of credibility issues, was supported by a fair interpretation of the evidence.
The damages award for past pain and suffering deviates materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501[c]).
In light of our determination in a companion appeal in this action (see Sence v Atoynatan, __ AD3d__ [Appellate Division Docket No. 2014-10396; decided herewith]), affirming the order dated September 24, 2014, the amended judgment entered upon remittitur must provide that the accrual of interest for the period of time beginning on the date on which the sum of $7,500,000 was paid into court shall be on a sum equal to the principal sum awarded less the $7,500,000 on deposit.
NYMH's remaining contention is without merit.
RIVERA, J.P., MILLER, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court