Ruiz v Laophermsook (2022 NY Slip Op 07014)

Ruiz v Laophermsook

2022 NY Slip Op 07014

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Index No. 157136/19 Appeal No. 16825 Case No. 2022-00786 

[*1]Catalina (Kathy) Ruiz, Plaintiff-Appellant,
v
Roe Laophermsook, Defendant-Respondent.

Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellant.
Daniel Szalkiewicz & Associates, P.C., New York (Daniel S. Szalkiewicz of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about January 12, 2022, which denied plaintiff's motion to vacate an order, entered November 17, 2020, granting defendant's motion to dismiss the complaint upon plaintiff's default, unanimously reversed, in the exercise of discretion, without costs, plaintiff's default vacated, and the case remanded to Supreme Court to permit plaintiff to oppose the motion to dismiss on the merits.
In the exercise of our discretion (see Velasquez v Consolidated Edison Co. of N.Y. Inc., 194 AD3d 458 [1st Dept 2021]; Gecaj v Gjonaj Realty & Mgt. Corp., 142 AD3d 600, 602 [1st Dept 2017]), we reverse the order that denied plaintiff's pro se motion to vacate her default in opposing defendant's motion to dismiss the complaint. We find that plaintiff demonstrated a reasonable excuse for her failure to oppose the motion through her affidavit detailing the hardships she faced, including the loss of her job due to the COVID-19 pandemic, the recent birth of her child during the peak of the global crisis, financial constraints, mental and emotional distress, and health and other legal issues. Plaintiff also averred that her counsel abandoned her case and failed to oppose defendant's motion to dismiss, which was not made until 10 months after the case was commenced, and after plaintiff had granted defendant three extensions to answer and withdrawn her motion for a default judgment against defendant. Plaintiff's motion to vacate was also timely made within one year after service of a copy of the order, pursuant to CPLR 5015(a)(1).
Moreover, plaintiff has established a potentially meritorious claim through allegations in her complaint and her sworn "affirmation" in support of her motion that defendant published false and defamatory statements that tended to injure her in her trade, business or profession, and were reasonably susceptible of a defamatory connotation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022