Barrios v Arouse Taxi, Inc. (2023 NY Slip Op 50633(U))

[*1]

Barrios v Arouse Taxi, Inc.

2023 NY Slip Op 50633(U)

Decided on June 26, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

570248/23

Betsy Barrios, Plaintiff-Appellant, 
against
Arouse Taxi, Inc. and Shafiqual Mollah, Defendants-Respondents,

Plaintiff appeals from 1) an order of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), dated September 17, 2020, which denied her motion to vacate a default and to restore the case to the trial calendar, and 2) an order (same court and Judge), dated March 16, 2022, which denied her motion to renew and reargue the prior order.

Per Curiam.
Order (Sabrina B. Kraus, J.), dated September 17, 2020, reversed, with $10 costs, motion granted and action restored to the calendar. Appeal from order (Sabrina B. Kraus, J.), dated March 16, 2022, dismissed, without costs, as nonappealable and academic.
Exercising our discretion (see Ruiz v Laophermsook, 211 AD3d 496 [2022]), we vacate plaintiff's default in appearance at trial. The motion court found, and we agree, that plaintiff demonstrated a reasonable excuse for the late appearance on the trial date. Further, plaintiff's successful defense of defendants' prior summary judgment motion demonstrated merit to this action (see Brown v City of New York, 105 AD3d 420 [2013]; Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO, 293 AD2d 324, 325 [2002]). The nine month delay in seeking vacatur was within the statutory time limit and was not unreasonable in the circumstances, since it included a four month period of state-mandated pandemic lockdowns, and given plaintiff's demonstrated intention to pursue the litigation, as well as the absence of any prejudice (see Tri-State Envtl. Contr., Inc. v M.H. Kane Constr., Inc., 25 AD3d 436 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 26, 2023